## UNITED STATES BANKRUPTCY COURT
## FOR DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re:<br><br>KAISER GROUP INTERNATIONAL,<br>INC., *et al.*,<br><br>Debtors. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Chapter 11<br><br>Case No. 00-2263 (MFW)<br><br>(Jointly Administered)<br><br>Related to Docket Nos. 1976, 1978<br><br>This appeal has been docketed in the United States District Court for the District of Delaware in Case No. 07-mc-00124 (UNA) |
| KAISER INTERNATIONAL, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NOVA HUT a.s. and INTERNATIONAL FINANCE CORPORATION,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br><br>Adv. No. 01-928 (MFW)<br><br>This appeal has been docketed in the United States District Court for the District of Delaware in Case No. 07-mc-00125 (UNA) |

## DEBTORS' REPLY IN SUPPORT OF APPEAL OF ORDER DENYING MOTION FOR DISCOVERY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004, OR ALTERNATIVELY A BILL OF EQUITABLE DISCOVERY

### INTRODUCTION

Debtors file this Reply in support of Debtors' appeal of an Order denying discovery pursuant to Federal Rule Of Bankruptcy Procedure 2004, or Alternatively a Bill of Equitable Discovery. This reply responds to the oppositions to the Motion (together, the "Oppositions") filed by the IFC and Mittal Steel Ostrava, a.s. ("Nova Hut," together with the IFC as the "Defendants"), respectively.

As shown below, many of the arguments made in the Oppositions are irrelevant to this appeal or are readily distinguishable. Indeed, much of the Oppositions reinforce arguments in the Motion. Here, the Debtors deal briefly with such matters.

1.    Defendants Fail to Distinguish Adversary Proceedings and Ordinary Litigation from the Rule 2004 Motion and Equitable Bill of Discovery.    Throughout each of the Oppositions, Defendants argue some version of two premises: (a) a discovery order in an adversary proceeding or ordinary litigation is not a final order, and (b) discovery is not proper when the parties in an ordinary litigation have been ordered to arbitrate. See, IFC Opposition at 10-11; Nova Hut Opposition at 16-20, 22-24, 35-36. These arguments, however, misconstrue the facts here.

    (a)    The Debtors are not requesting discovery in the adversary proceeding between the Debtors, on the one hand, and Nova Hut and the IFC, on the other hand.[1]  Instead, the Debtors are seeking discovery as an independent right under Bankruptcy Rule 2004, which has been denied throughout the Debtors' bankruptcy case, and pursuant to this Court's equitable powers given the inability to obtain comparable discovery in the arbitration.

    (b)    The premise underlying the decisions denying discovery in arbitration cases is that the parties consented to the arbitration, thereby waiving their right to discovery under the Federal Rules. *See, e.g., In re Board of Hopewell Int'l Ins. Inc.*, 258 B.R. 580 (Bankr. S.D.N.Y. 2001) (denying discovery in Section 304 bankruptcy case where parties consented to arbitration of their claims). Here, notwithstanding the lack of a contract between the Debtors and either the IFC or Nova Hut, the District Court and Bankruptcy Court held that the Debtors must

---

[1]    To be clear, the Debtors have sought discovery within the context of the Adversary Proceeding pursuant to Federal Rule 56(f), applicable in the Adversary Proceeding pursuant to Bankruptcy Rule 7056, in response to Nova Hut's motion for summary judgment. The Bankruptcy Court has not yet ruled upon Nova Hut's motion for summary judgment, and did not address Debtors' right to discovery under Rule 56(f).

arbitrate their claims because an affiliate entered into a contract with Nova Hut. The Debtors disagree with, but respect this decision. Just because the District Court believed it was fair for the Debtors to arbitrate their claims, however, does not mean that the Debtors waived their rights to discovery. Waiver is the intentional relinquishment of a known right, and action taken by a third party is a far cry from supplying the necessary consent and waiver by Debtors. For this reason, the fact that the Bankruptcy Court was unable to find cases permitting a Rule 2004 order in the context of an arbitration order is not surprising since, in the usual case, the debtor would have consented to the arbitration and implicitly waived its right to a 2004 examination.

2.     The Issues on Which the Debtors' Seek Discovery Are Broader than the Issues in the Adversary Proceeding.     The IFC and Nova Hut argue further that discovery here is inappropriate because the Debtors seek discovery in support of claims made in an adversary proceeding.     This simply is not correct, as the Defendants implicitly acknowledge. IFC Opposition at 5; Nova Hut Opposition at 11. In fact, as both Defendants recognize, the Debtors seek discovery (a) to inquire into the circumstances of the previous Nova Hut/Kaiser Netherlands arbitration (which has nothing to do with the Adversary Proceedings), and (b) to investigate facts to decide whether to prosecute such a proceeding (which is a preliminary step to litigating the Adversary Proceeding itself).

3.     The Debtors Did Not Violate a Stay of the Adversary Proceeding. The District Court and the Bankruptcy Court stayed discovery in the Adversary Proceedings. IFC pp. 6-7. As shown above, the Debtors did not seek discovery solely in the Adversary Proceeding, but rather are seeking discovery pursuant to Bankruptcy Rule 2004 and the Bankruptcy Court's equitable power for purposes, in part, not even related to the claims made in the Adversary Proceeding. As such, there is no violation of the stay. Moreover, Nova Hut should not be heard

-3-

to complain about Debtor's motion. Nova Hut moved to stay proceedings in the adversary proceeding. In fact, before the stay had been lifted, Nova Hut filed a motion for summary judgment. It is at best ironic that Nova Hut, which now wants the Court to consider its motion for summary judgment, should complain about the fact that Debtors have filed a motion for discovery.

Moreover, Debtors have not served discovery, subpoenas or notices of depositions. Debtors have only filed a motion seeking leave to do so, which cannot be fairly characterized as "violation" of a stay order.  The Bankruptcy Court found no such alleged violation, and Defendants feigned claims of outrage at the filing of a discovery motion should be disregarded.

4.    The Defendants Have Not Provided the Necessary Information.  Some time ago, Justice Stewart observed that the "right to be heard does not depend on an advance showing that one will surely prevail . . . ." *Fuentes v. Shevin*, 407 U.S. 67, 87 (1972). Defendants argue here that they have provided information, and the Debtors are required to accept their version of the facts. IFC Opposition at 5; Nova Hut Opposition at 12 n.4, 13 n.6. But surely, the right to take discovery does not depend on an advance showing that the discovering party will obtain information that contradicts the responding party. Here, for example, Defendants allege they have provided a full and complete explanation regarding (a) the posting by Cleary Gottlieb Steen and Hamilton LLP ("Cleary Gottlieb) of a press release tending to show that Cleary Gottlieb received information regarding the results of an arbitration award before such results were made public, and (b) Nova Hut's debts to the IFC. It may turn out that Defendants are correct in these assertions; although, as to Cleary Gottlieb, the explanation provided by Defendants is contrary to common sense and, as Debtors are informed, the various mechanical steps described in the Oppositions are subject to alteration and manipulation. To be clear, the Debtors are not saying

any malfeasance took place, but simply that they wish to inquire further.    Indeed, if the explanation of the web posting is so clear and indisputable, one wonders why Defendants have resisted discovery so strenuously, if only to "clear the air."    As to the relationship between the IFC and Nova Hut, surely the Debtors are not required to accept an adversary version of the facts, especially where, as here, the Debtors have contrary indications.

5.    The Debtors Are Not Trying to Appeal the Arbitration Order.    Defendants are correct that an appeal of an arbitration order under the Federal Arbitration Act is not permitted. The Debtors, however, are not appealing the arbitration order.    As noted above, they are seeking discovery of matters which do not relate to the arbitration or involve a determination whether to arbitrate in the first place.

6.    The Court  Should Rule that the Order Denying 2004 Discovery is a Final Order. Furthermore, it is not clear that an order granting or denying discovery pursuant to Bankruptcy Rule 2004 is not a final order. *See, e.g.*, *In re Valley Forge Plaza Associates*, 116 B.R. 420, 422 (E.D. Pa. 1990) (invoking its jurisdiction over final orders in determining appeal of an order granting discovery under Rule 2004).    Indeed, at least one court has directly questioned whether the principles of finality underlying traditional litigation apply to orders entered pursuant to Bankruptcy Rule 2004 because:

> Unlike routine discovery orders entered in litigation under the Federal Rules, Rule 2004 examinations do not take place within the context of a single litigated dispute . . . .    There is no opportunity for appeal after a final ruling in the underlying litigation, as in civil cases, because there is no underlying litigation to which the Rule 2004 examination attaches. Taken to the extreme, if the traditional rules of finality apply, a party could not appeal a Rule 2004 order until the bankruptcy case is closed.

*In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267, 277 (D. Colo. 1991).    Furthermore, in analogous situations, courts have held that discovery orders are final and immediately appealable. *See, e.g.*, *Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 52, (9th Cir. 1961) (appeal

from order involving Rule 27 is final); *U.S. v. McWhirter*, 376 F.2d 102, 105 (5th Cir. 1967) (appeal from discovery order under Rule 69 is final).

      7.     As A Practical Matter, Debtors May Not Be Able to Appeal the Discovery Order Later. Nova Hut argues at length that the Debtors can appeal the rulings on the motions for Rule 2004 and equitable discovery at a later date, if and when they lose the arbitration. Nova Hut Opposition at 15-16, 25-27. Although this might theoretically be possible, Nova Hut does not address the distinct possibility that a court would find any such appeal mooted by later developments or reject the appeal on the ground of lack of substantial prejudice. Nova Hut has also not dealt either with the substantial disruption to these proceedings which would likely occur if the Bankruptcy Court later required discovery and, thereby, necessitated a second round of arbitrations.

      8.     The Vance Decision Supports Debtors' Appeal. Finally, perhaps the best illustration of the problems inherent in denying discovery at this time is a case cited and relied on by both Defendants -- *In re Vance*, 1998 U.S. App. LEXIS 28177 (7th Cir. 1998). In *Vance*, the debtor appealed both an order denying an exemption and an order granting a rule 2004 examination. The Seventh Circuit held that the exemption order was a final order, and affirmed the order, but held the Rule 2004 order was not a final order and, therefore, not subject to appeal. As applied to the Debtors' case, the rulings are significant because (a) the Court did not permit review of the Rule 2004 order even though it was reviewing the exemption order as a final order (which is precisely the situation in the present case), and (b) it appears that an order granting or denying discovery under Rule 2004 will never be a final order under the circumstances of *Vance* (where the discovery order is appealed in connection with a related final order). Given the

history of this case, *Vance* reinforces the Debtors' fears that, unless review is granted now, discovery will be denied forever.

Respectfully submitted,

SAUL EWING, LLP

Mark Minuti (No. 2659)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
302-421-6840

and-

George E. Rahn, Jr.
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
215-972-7165

-and-

Jonathan M. Landers
Robert K. Dakis
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York. NY 10166
212-351-4000

Attorneys for Debtors
and Debtors in Possession

Dated: June 25, 2007

## UNITED STATES BANKRUPTCY COURT
## FOR DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| KAISER GROUP INTERNATIONAL, INC., *et al.*, | : | Case No. 00-2263 (MFW) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | Related to Docket Nos. 1976, 1978 |
| | : | |
| | | This appeal has been docketed in the United States District Court for the District of Delaware in Case No. 07-mc-00124 (UNA) |
| KAISER INTERNATIONAL, INC., *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Adv. No. 01-928 (MFW) |
| v. | : | |
| | : | |
| NOVA HUT a.s. and INTERNATIONAL FINANCE CORPORATION, | : | This appeal has been docketed in the United States District Court for the District of Delaware in Case No. 07-mc-00125 (UNA) |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Mark Minuti, Esquire of Saul Ewing LLP hereby certify that on June 25, 2007 a copy of

the foregoing **Debtors' Reply in Support of Appeal of Order Denying Motion for Discovery**

**Pursuant to Federal Rule of Bankruptcy Procedure 2004, or Alternatively a Bill of**

**Equitable Discovery** was served on the parties on the attached service list in the manner indicated.


Mark Minuti (No. 2659)
**SAUL EWING LLP**
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6800

**KAISER GROUP INTERNATIONAL, INC.,** *et al.* **v. NOVA HUT,** *et al.*
**Service List**

**Via Hand Delivery:**
Victoria Watson Counihan, Esquire
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE  19801

Robert J. Stearn, Jr., Esquire
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

**Via U.S. Mail:**
Adam D. Cole, Esquire
Greenberg Traurig, LLP
200 Park Avenue
New York, NY  10166

Annapoorni R. Sankaran, Esquire
Greenberg Traurig, LLP
One International Place, 20th Floor
Boston, MA  02110

Warren E. Zirkle, Esquire
McGuire Woods LLP
1750 Tysons Blvd., Suite 1800
McLean, VA  22102