UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| KAISER GROUP INTERNATIONAL, INC., *et al.*, | : | Case No. 00-2263 (MFW) |
| | : | Adv. No. 01-928( (MW) |
| Debtors. | : | (Jointly Administered) |
| | : | |
| KAISER INTERNATIONAL, INC., *et al.*, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Case No. 07-124 (JJF) |
| | : | |
| ARCELORMITTAL STEEL OSTRAVA a.s., formerly known as NOVA HUT a.s. and INTERNATIONAL FINANCE CORPORATION, | : | |
| | : | Related to Docket Nos. 6, 7 and 8 |
| Appellees. | : | |
| KAISER INTERNATIONAL, INC., *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Case No. No. 07-125 (JJF) |
| | : | |
| ARCELORMITTAL STEEL OSTRAVA a.s., formerly known as NOVA HUT a.s. and INTERNATIONAL FINANCE CORPORATION, | : | |
| | : | Related to Docket No. 8 and 9 |
| Defendants. | : | |

**DEBTORS' REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO SUPPLEMENT THE RECORD OR,
ALTERNATIVELY, TO REMAND THE CASE TO THE
BANKRUPTCY COURT FOR RECONSIDERATION BASED ON
NEWLY DISCOVERED EVIDENCE PURSUANT TO RULE
60(b)(2) AND RESPONSE IN OPPOSITION TO NOVA HUT'S
CROSS-MOTION FOR DAMAGES AND COSTS**

Debtors submit this reply memorandum in support of their motion for leave to supplement the record or, alternatively, to remand the case to the United States Bankruptcy Court for reconsideration based on newly discovered evidence pursuant to Federal Rule of Civil Procedure 60(b)(2), and as a response to Nova Hut's cross-motion for damages and costs.[1] In support of this reply and response, the Debtors state as follows:

1. **Rule 10(e) and Bankruptcy Rule 8006 Are Not Dispositive Because the Law Expressly Permits a Litigant to Supplement the Record With Newly Discovered Evidence**

Nova Hut contends that Debtors' motion is barred by Bankruptcy Rule 8006 and Federal Rule of Appellate Procedure 10(e). Nova Hut's assertion is wrong and is a misstatement of the Debtors' request in this Court. First, Rule 8006 contains no mention of what can be included in the record on appeal – and certainly does not bar Debtors from seeking to supplement the record under the standard set forth by the United States Court of Appeals for the Third Circuit. See Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991); Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983). Rule 8006 concerns only the procedural mechanics for identifying the appellate record from the record below and designating the issues on appeal. Here, Debtors seek to supplement the record or remand the case to the Bankruptcy Court. Accordingly, Rule 8006 has no bearing on the Court's determination.

Second, Nova Hut contends that Debtors' motion is barred based on the holdings of two cases involving Federal Rule of Appellate Procedure 10(e). Rule 10(e) sets forth the rules for correcting errors or omissions to the record on appeal. In In re Halvajian, 216 B.R. 502, 509 (D. N.J. 1998), the court denied an appeal requested under 28 U.S.C. § 158(a) and refused to

---

[1] Debtors submit this reply brief in response to both opposition briefs filed by Nova Hut and the International Finance Corporation (the "IFC"). Only Nova Hut filed a cross-motion for damages and costs.

supplement the record with new facts under Federal Rule of Appellate Procedure 10(e)(2). Similarly, in In re Application of Ariel Adan, the court was faced only with the question of whether Rule 10(e)(2) permitted the record to be supplemented with new facts. 437 F.3d 381, 388 n.3 (3d Cir. 2006). Both courts held Rule 10(e) did not permit corrections to the record for something other than minor errors or omissions. Neither court, however, addressed the broader Third Circuit case law that holds that a litigant *can* supplement the record with newly discovered evidence that is (1) material, (2) could not have been discovered prior to trial through the exercise of reasonable diligence, and (3) would probably have changed the outcome of the trial. Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991); Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983). And, indeed, no court has held that Rule 10(e) overrules the Third Circuit's standard for supplementing the record pursuant to Rule 60(b)(2).

Here, Kaiser seeks to supplement the record as permitted under Rule 60(b)(2), or to remand the case to Bankruptcy Court for consideration of the new evidence. Accordingly, the cases cited by Nova Hut are irrelevant and not dispositive.

    **2.    The Evidence Presented by Debtors Meets the Standard Established by the Court of Appeals for the Third Circuit for Newly Discovered Evidence**

Nova Hut and the IFC contend that Debtors are required to show that "newly discovered evidence" meets some higher standard for admissibility in addition to meeting the standard for "newly discovered evidence." This is a misstatement of law in this circuit. Nova Hut cites to a decision from the U.S. Circuit Court of Appeals for the Fifth Circuit, which applies a different standard than the Court of Appeals for this Circuit. Goldstein v. MCI Worldcom, 340 F.3d 257 (5th Cir. 2003). In the Third Circuit, the applicable standard requires that newly discovered evidence be (1) material, (2) could not have been discovered prior to trial through the exercise of

reasonable diligence, and (3) would probably have changed the outcome of the trial. Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991); see also, Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983); Ulloa v. City of Philadelphia, 692 F. Supp. 481, 483 (E.D. Pa. 1988). There is no requirement that Debtors' newly discovered evidence meet some higher standard for admissibility to be considered, as is required in the Fifth Circuit. Nova Hut's attempt to distract the Court from the issues at hand should be ignored.

3. **The Newly Discovered Evidence Presented by Debtors Satisfies the Third Circuit's Standard Because the Information is Material and Would Have Changed the Court's Decision to Permit Discovery**

Nova Hut and the IFC contend that the evidence presented by Debtors should not be considered because factually it would not have changed the Bankruptcy Court's decision on whether to permit Debtors to conduct discovery. Nova Hut and the IFC understate the importance of the information presented by Debtors. Debtors have discovered evidence that the IFC was involved in all aspects of Nova Hut's affairs – in projects around the globe and in the sale of the company. This evidence makes it more probable that the IFC was involved in the arbitration and steel mill project that is the subject of this litigation. If the IFC was involved in the arbitration and steel mill project, then Debtors may have claims against the IFC for tortiously interfering with the business relationship of Debtors and Nova Hut – and therefore these claims are part of the Debtors' bankruptcy proceeding.

Additionally, Debtors' newly discovered information shows that the IFC or its parent organization, the World Bank, may have acted improperly – and even corruptly – in projects around the globe. This evidence makes it more probably that the IFC acted improperly in its dealings with Nova Hut and Debtors. If the IFC improperly influenced the arbitration and Nova

Hut, that further bolsters Debtors' claims against the IFC, which would be part of this bankruptcy proceeding.

Nova Hut and the IFC contend that the Bankruptcy Court's decision would not change, even based on this damning evidence, because the Bankruptcy Court ordered any discovery to occur during some future arbitration in which Debtors may assert claims based on this evidence. This was not the whole of the Bankruptcy Court's decision, however. Implicit in the court's decision was that Debtors did not yet have enough information to suggest that the IFC or Nova Hut improperly influenced the arbitration. This new evidence demonstrates that the IFC was involved in all aspects of Nova Hut's affairs and suggests that the IFC has no qualms about acting improperly in its business dealings around the world. Such evidence suggests that the IFC may have improperly influenced the outcome of the arbitration and improperly interfered in Nova Hut's business relationship with Debtors. This information makes it more likely that Debtors have claims against the IFC and Nova Hut related to the arbitration and the steel mill project, and therefore could cause the Bankruptcy Court to reverse its decision to grant discovery.

4. **The Newly Discovered Evidence Presented by Debtors Satisfies the Third Circuit's Standard Because the Information Could Not Have Been Discovered Prior to the Court's Decision.**

Nova Hut and the IFC contend that the evidence presented by Debtors could have been presented to the Bankruptcy Court because some of the information concerns corruption that occurred in the 1990s. This is a misstatement of the evidence presented by Debtors. Debtors began its investigation into possible improper dealings by the IFC following a September 2007 report issued by a special committee of the World Bank. See Debtors' motion to supplement, ¶ 1 (citing Paul A. Volcker, et al., *Independent Panel Review of The World Bank Group Department*

*of Institutional Integrity*, (Sept. 13, 2007)). This report, prompted by reports of corruption at the World Bank in the summer of 2007, recommended sweeping changes to weed out corruption in this organization. The report also implicated the World Bank's affiliate, the IFC. Based on this report – which was published after the Bankruptcy Court's denial of Debtors' motion – Debtors hired outside investigators to determine whether the IFC had acted improperly in its business dealings with Nova Hut, and whether its conduct was similarly flawed in relation to other projects. See Debtors' motion to supplement, ¶ 9. Also due to the September 2007 report, Debtors have asked the Czech government authorities to initiate an investigation into possible corruption surrounding the privatization of Nova Hut. These officials are considering such an investigation. See Debtors' motion to supplement, ¶ 9.

Debtors' newly discovered evidence does include reports of corruption and improper business dealings dating to the 1990s. But Debtors could not have known that such conduct was happening – and thus seek to investigate it – until the World Bank's own special committee released the September 2007 report suggesting that the corruption initially discovered at the World Bank also included the IFC. It is unreasonable to presume that Debtors had some early knowledge about corruption at the IFC and World Bank when the rest of the world did not.

### 5. Even if This Court Does Not Grant Debtors' Motion to Supplement the Record, Debtors Have Requested, in the Alternative, That the Case Be Remanded to the Bankruptcy Court

Nova Hut contends that Debtors are barred from supplementing the record in this Court, and that Debtors' motion should be denied because the Debtors "chose to raise reconsideration in this Court rather than in the Bankruptcy Court." This is a misstatement of the Debtors' request and a misguided attempt by Nova Hut to distract the Court from the issue properly before the Court. The Debtors' motion is drafted in the alternative – seeking to supplement the record in

this Court under Rule 60(b)(2) and Bankruptcy Rule 9024 *or* remand to the Bankruptcy Court's jurisdiction. As Nova Hut points out, the Bankruptcy Court retains jurisdiction to consider the Debtors' motion notwithstanding the filing of the notice of appeal. Venen v. Sweet, 758 F.2d 117, 123 (3d Cir. 1985); accord In re Elonex Phase II Power Mgmt. Litig., 279 F. Supp. 2d 521, 523 (D. Del. 2003). The Debtors' procedural posture of requesting leave of this Court in the first instance, and remand to the Bankruptcy Court in the alternative, is appropriate. There is no requirement in this jurisdiction that the procedures are mutually exclusive. Nova Hut's suggestion otherwise is a red herring and should be ignored.

6. **Nova Hut's Cross-Motion for Damages and Costs Should Be Denied Because Rule 8020 is Both Legally and Factually Inapplicable**

Nova Hut has filed a cross-motion for damages and costs pursuant to Federal Rule of Bankruptcy Procedure 8020. This Rule is inapplicable to Debtors' motion. Rule 8020 states:

> If a district court or bankruptcy appellate panel determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Fed. R. Bankr. P. 8020.

Nova Hut cites to a Second Circuit decision applying Rule 8020 outside of an appeal. This case has not been adopted by this Court, and Debtors respectfully request that this Court not expand Rule 8020 to apply to a motion like that filed by the Debtors.

Moreover, even if this Court decided to expand the scope of Rule 8020, Nova Hut is not entitled to any damages and costs because Debtors' motion presents a colorable argument based on applicable law and, therefore, is not frivolous. The standard for an award of fees and costs under Rule 8020 is whether the motion is frivolous, or "wholly without merit." In re Grand

Union Co., 200 B.R. 101, 106 (D. Del. 1996) (citing Quiroga v. Hasbro, Inc., 943 F.2d 346, 347 (3d Cir. 1991)). "The applicable test is whether a reasonable attorney would conclude, following a thorough analysis of the record and the applicable law that the appeal is frivolous." Id. The Court should apply an objective standard to determine whether the appeal is frivolous. Quiroga, 943 F.2d at 347. In Grand Union, this Court granted a request for attorneys fees and costs where the appellant raised five new issues on appeal, none of which had any legal or factual merit. Grand Union, 200 B.R. at 106. The Court noted that damages are not available where a motion presents even a "marginal argument ... poorly articulated" but which raises a "colorable argument." Id. at n.1. In contrast, in Grand Union, the court said that the appeal was wholly without merit and the attorneys knew the appeal had no merit before filing. See also, In re Hall's Motor Transit Co., 889 F.2d 520, 523 (3d Cir. 1989).

Here, Debtors seek to supplement the record in this Court under Rule 60(b)(2). Debtors have set forth evidence that meets the standard set forth by the United States Court of Appeals for the Third Circuit. Furthermore, Debtors' motion is presented in the alternative, so that if this Court does not grant the motion, Debtors ask that its case be remanded to the Bankruptcy Court for consideration of the new evidence. Such a procedure is supported by Bankruptcy Rule 9024 – and Nova Hut concedes that the Bankruptcy Court retains jurisdiction notwithstanding Debtors' appeal. Accordingly, there is sufficient legal and factual support to demonstrate that Debtors' motion is not frivolous and to defeat Nova Hut's cross-motion for damages and costs.

### 7. **Conclusion**

In sum, Debtors respectfully request that this Court grant Debtors' motion for leave the supplement the record or, alternatively, to remand the case to the Bankruptcy Court for reconsideration based on newly considered evidence pursuant to Rule 60(b)(2). Debtors further

request that this Court deny Nova Hut's cross-motion for damages and costs because Debtors' motion is not frivolous.

Respectfully submitted,

SAUL EWING LLP

*/s/ Mark Minuti*

Mark Minuti (No. 2659)
Jeremy W. Ryan (No. 4057)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
302-421-6840

and

George E. Rahn, Jr.
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
215-972-7165

Attorneys for Debtors
and Debtors in Possession

Dated: April 1, 2008

UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| KAISER GROUP INTERNATIONAL, | : | Case No. 00-2263 (MFW) |
| INC., *et al.*, | : | Adv. No. 01-928( (MW) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| KAISER INTERNATIONAL, INC., *et al.*, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Case No. 07-124 (JJF) |
| | : | |
| ARCELORMITTAL STEEL OSTRAVA a.s., formerly known as NOVA HUT a.s. and INTERNATIONAL FINANCE CORPORATION, | : | |
| | : | |
| Appellees. | : | |
| KAISER INTERNATIONAL, INC., *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Case No. No. 07-125 (JJF) |
| | : | |
| ARCELORMITTAL STEEL OSTRAVA a.s., formerly known as NOVA HUT a.s. and INTERNATIONAL FINANCE CORPORATION, | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I, Mark Minuti, Esquire of Saul Ewing LLP hereby certify that on April 1, 2008 a copy of the foregoing **Debtors' Reply Memorandum in Support of Its Motion for Leave to Supplement the Record or, Alternatively, to Remand the Case to the Bankruptcy Court for Reconsideration Based on Newly Discovery Evidence Pursuant to Rule 60(b)(2) and**

557768.1 4/1/08

**Response in Opposition to Nova Hut's Cross-Motion for Damages and Costs** was served on the parties on the attached service list in the manner indicated.

_____
Mark Minuti (No. 2659)
**SAUL EWING LLP**
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6800

## KAISER GROUP INTERNATIONAL, INC., *et al.* v. NOVA HUT, *et al.*
### Service List

**Via Hand Delivery:**
Victoria Watson Counihan, Esquire
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801

Robert J. Stearn, Jr., Esquire
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

**Via Overnight Delivery:**
Adam D. Cole, Esquire
Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166

Annapoorni R. Sankaran, Esquire
Greenberg Traurig, LLP
One International Place, 20th Floor
Boston, MA 02110

Warren E. Zirkle, Esquire
McGuire Woods LLP
1750 Tysons Blvd., Suite 1800
McLean, VA 22102