UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------x
In re:                                          :       Chapter 11
                                                :
KAISER GROUP INTERNATIONAL,                     :       Case No. 00-2263 (MFW)
INC., et al.,                                   :       Adv. P. No. 01-928 (MFW)
                                                :
                        Debtors.                :       (Jointly Administered)
---------------------------------------------------x
                                                :
KAISER GROUP INTERNATIONAL,                     :
INC., et al.,                                   :
                        Plaintiffs,             :
                                                :
        - against -                             :       Case No. 07-124 (JJF)
                                                :
ARCELORMITTAL STEEL OSTRAVA,                    :
a.s. and INTERNATIONAL FINANCE                  :
CORPORATION,                                    :
                                                :
                        Defendants.             :
---------------------------------------------------x
                                                :
KAISER GROUP INTERNATIONAL,                     :
INC., et al.,                                   :
                        Plaintiffs,             :
                                                :
        - against -                             :       Case No. 07-125 (JJF)
                                                :
ARCELORMITTAL STEEL OSTRAVA,                    :
a.s. and INTERNATIONAL FINANCE                  :
CORPORATION,                                    :
                                                :
                        Defendants.             :
---------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF CROSS-MOTION FOR DAMAGES AND COSTS**

Defendant ArcelorMittal Steel Ostrava, a.s. (formerly Nova Hut, a.s.) ("Nova Hut") respectfully submits this reply memorandum of law in further support of its separate cross-motion for damages and costs pursuant to Rule 8020 of the Federal Rules of Bankruptcy Procedure and to 28 U.S.C. § 1927.

## ARGUMENT

Nothing in the Debtor's opposition to damages and costs comes to grips with the substantive deficiency in their motion to supplement or to remand: The Debtors have failed to submit *any evidence*, much less sufficient evidence, in support of their motion. The Debtors have not even attempted to submit the requisite evidence as a record attachment to their opposition brief. Indeed, the Debtors' urge the Court to find that there is "newly discovered evidence" that is "material" without submitting the evidence for the Court's review, or demonstrating in any manner how it is material to the discovery issues in this interlocutory appeal. (Opposition at 3-4.) The Debtor's motion is, therefore, "wholly without merit" and warrants an award of costs and damages under Rule 8020 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 1927. *In re Grand Union Co.*, 200 B.R. 101, 106 (D. Del. 1996).

Rather, the core of the Debtors' argument to avoid damages and costs is to blame Nova Hut, contending that Nova Hut demands the Court apply a "higher standard for admissibility." (Opposition at 4.) Nova Hut demands no such thing. Nova Hut only requests that basic evidentiary principles apply, starting with the identity of the evidence itself. *See* Fed. R. Evid. 901(a) (admissibility of evidence requires "identification" sufficient to "support a finding that the matter in question is what its proponent claims"); Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."). The Debtors have failed in this basic starting point to enable the Court to determine whether the so-called "evidence" is even remotely relevant, and then to

determine its materiality, whether it was newly discovered, and whether it would have changed the outcome of the discovery order in the Bankruptcy Court. *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (the "movant under Rule 60(b) 'bears a heavy burden' . . . which requires 'more than a showing of the potential significance of the new evidence.'"); *see Goldstein v. MCI Worldcom*, 340 F.3d 238, 257 (5th Cir. 2003) (it is "self-evident that the newly-discovered evidence be both admissible and credible"); 12 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE ¶ 60.42[6] (3d ed. 1997) (same).

Without actual evidence to consider, even the Debtors are forced to concede that the proposed, but yet-to-be submitted, "evidence" only "*could* cause the Bankruptcy Court to reverse its decision to grant discovery" (Opposition at 5)(emphasis added), not "*would probably* have changed the outcome" as required under the Third Circuit's standard. *Bohus*, 950 F.2d at 930. Thus, even under the test the Debtors' propose, that "'a reasonable attorney would conclude, following a thorough analysis of the record'" that the position is not frivolous, damages and costs are warranted. (Opposition at 8, *quoting Grand Union*, 200 B.R. at 106.) Here, there is no "record" upon which Debtors' counsel could conduct a "thorough analysis."

Finally, the Debtors' contention that Nova Hut's motion is procedurally infirm is without legal merit for two reasons. (Opposition at 7.) In the first instance, Nova Hut's motion is also founded upon Section 1927 of the Judicial Code, which on its face applies to all "proceedings." 28 U.S.C. § 1927. The Debtors do not dispute that Section 1927 applies. Second, while Debtors are correct that the Third Circuit has not considered whether Rule 8020 of the Federal Rules of Bankruptcy Procedure (or its Fed. R. App. P. 38 counterpart) applies to motions in an appeal, other courts, including the Second and Seventh Circuits, have held that the costs and damages rule applies to motions, and with good reason. *See, e.g., In re Martin-Trigona*, 795 F.2d 9 (2d

Cir 1986); *Jiricko v. Moser and Marsalek, P.C.*, 184 F.R.D. 611, 13 (E.D. Mo. 1999) (Court in *Jiricko v. Illinois Anesthesia, Ltd.*, 4 F.3d 996, 1993 WL 326697 (7th Cir. 1993) [referenced in a "Table of Decisions Without Reported Opinions"] "imposed sanctions upon plaintiff in the amount of $675.00 for filing frivolous motions during the course of the appeal"). Appellate courts have the inherent authority to protect their jurisdiction from frivolous practice, and that protection is found in 28 U.S.C. § 1927 and Rule 8020 of the Federal Rules of Bankruptcy Procedure (and its Rule 38 counterpart). This Court should apply these provisions for the same reason in this case, and award Nova Hut costs and damages.

## CONCLUSION

For all the forgoing reasons, the Court should grant Nova Hut's cross-motion for costs and damages pursuant to 28 U.S.C. § 1927 and Fed. R. Bankr. P. 8020.

Dated: April 8, 2008

GREENBERG TRAURIG, LLP

*/s/ Victoria Watson Counihan*
Victoria Watson Counihan (No. 3488)
Dennis A. Meloro (No. 4435)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
(302) 661-7000
counihanv@gtlaw.com
melorod@gtlaw.com

— and —

Adam D. Cole
GREENBERG TRAURIG, LLP
885 Third Avenue
New York, New York 10022
(212) 848-1000

*Attorneys for ArcelorMittal Steel Ostrava, a.s. (formerly Nova Hut, a.s.)*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------x
In re:                                   :    Chapter 11
                                         :
KAISER GROUP INTERNATIONAL,              :    Case No. 00-2263 (MFW)
INC., et al.,                            :    Adv. P. No. 01-928 (MFW)
                                         :
                        Debtors.         :    (Jointly Administered)
-----------------------------------------x
                                         :
KAISER GROUP INTERNATIONAL,              :
INC., et al.,                            :
                        Plaintiffs,      :
                                         :
         - against -                     :    C.A. No. 07-124 (JJF)
                                         :
ARCELORMITTAL STEEL OSTRAVA,             :
a.s. and INTERNATIONAL FINANCE           :
CORPORATION,                             :
                                         :
                        Defendants.      :
-----------------------------------------x
                                         :
KAISER GROUP INTERNATIONAL,              :
INC., et al.,                            :
                        Plaintiffs,      :
                                         :
         - against -                     :    C.A. No. 07-125 (JJF)
                                         :
ARCELORMITTAL STEEL OSTRAVA,             :
a.s. and INTERNATIONAL FINANCE           :
CORPORATION,                             :
                                         :
                        Defendants.      :
-----------------------------------------x
```

## CERTIFICATE OF SERVICE

I, Victoria W. Counihan, being duly sworn according to law, deposes and says that I am employed by Greenberg Traurig, LLP, which is counsel for Defendant Nova Hut, a.s. (n/k/a ArcelorMittal Steel Ostrava, a.s.), and that on April 8, 2008, caused to be served copies of the following to be served upon the parties listed below in the manner indicated:

- *Reply Memorandum of Law in Further Support of Cross-Motion for Damages and Costs*

| | |
|---|---|
| VIA FEDERAL EXPRESS:<br>George E. Rahn, Jr., Esq.<br>Saul Ewing LLP<br>Centre Square West<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102 | VIA HAND DELIVERY AND CM/ECF NOTIFICATION:<br>Mark Minuti, Esq.<br>Saul Ewing, LLP<br>222 Delaware Avenue, Suite 1200<br>Wilmington, DE 19801 |
| VIA FEDERAL EXPRESS:<br>Warren Zirkle, Esq.<br>McGuire Woods LLP<br>1750 Tysons Boulevard, Suite 1800<br>McLean, VA 22102-4215 | VIA HAND DELIVERY AND CM/ECF NOTIFICATION:<br>Robert J. Stearn, Jr., Esq.<br>Richards Layton & Finger<br>One Rodney Square<br>Wilmington, DE 19801 |
| VIA FEDERAL EXPRESS:<br>Jonathan Landers, Esq.<br>Gibson Dunn & Crutcher LLP<br>200 Park Avenue<br>New York NY 10166 | |

Dated: April 8, 2008

GREENBERG TRAURIG, LLP

*/s/ Victoria W. Counihan*
Victoria W. Counihan (No. 3488)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
Telephone: 302-661-7000
melorod@gtlaw.com

2